UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Clint Elston, | Case No. _____ |
| Plaintiff, | |
| v. | **<u>NOTICE OF REMOVAL</u>** |
| Life Insurance Company of the Southwest and James Cunningham, | |
| Defendants. | |

TO: Clerk of Court, United States District Court, 300 South Fourth Street, Suite 202, Minneapolis, Minnesota 55415; Plaintiff Clint Elston, by and through his attorney Michael A. Hatch, Blackwell Burke P.A., 431 South Seventh Street, Suite 2500, Minneapolis, Minnesota 55402.

**PLEASE TAKE NOTICE** that Defendants Life Insurance Company of the Southwest ("LSW") and James Cunningham, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, hereby remove this action entitled <u>Clint Elston v. Life Insurance Company of the Southwest and James Cunningham</u>, from the District Court of the State of Minnesota, Fourth Judicial District, Hennepin County, to the United States District Court for the District of Minnesota. In support of this Notice of Removal, Defendants state as follows:

1.  On or after November 2, 2009, Clint Elston ("Plaintiff") commenced this action in the District Court of the State of Minnesota, Fourth Judicial District, Hennepin County, captioned <u>Clint Elston v. Life Insurance Company of the Southwest and James Cunningham</u>, by serving it upon Defendant LSW. A true and correct copy of the

Summons and Complaint is attached to this Notice as Exhibit A and is incorporated herein by reference. Although the Complaint refers to exhibits, no such exhibits have been served. To date, no other process, pleadings, or orders have been served.

2. This action relates to the sale of a life insurance policy, which sale Plaintiff claims was fraudulent and violated a variety of statutes. Compl. ¶¶ 3-13. The Complaint alleges a federal claim for violations of 15 U.S.C. § 78j(b) and C.F.R. § 240.10b-5 (*sic*). Compl. ¶¶ 33-38. In addition, the Complaint alleges claims of (1) Sale of Unsuitable Investment – Minn. Stat. § 72A.20, subd. 34; (2) Breach of Fiduciary Duty – Minn. Stat. § 45.026, subd. 2; (3) violations of the Minnesota Deceptive Trade Practices Act – Minn. Stat. § 325D.44; (4) Fraudulent Inducement – Minn. Stat. § 325F.69; (5) False Advertising – Minn. Stat. § 325F.67; (6) Unfair Trade Practices – Minn. Stat. § 72A.20, subd. 2; (7) violation of Minnesota Blue Sky laws – Minn. Stat. § 80A; and (8) Respondeat Superior, Common Law Agency, Statutory Control Person and Failure to Supervise. See generally Compl.

3. Plaintiff seeks (1) $71,000 in compensatory damages; (2) costs and attorney's fees as provided by statute; (3) pre-judgment and post-judgment interest; (4) other relief the court deems just and equitable; and (5) other relief which the Plaintiff may be entitled by operation of law. See generally Compl.

4. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a) & (b). A federal court has original jurisdiction over an action either under federal question

jurisdiction pursuant to 28 U.S.C. § 1331 or under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5. The basis for jurisdiction in this Court is under **both** federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6. The Complaint alleges a federal claim for violations of 15 U.S.C. § 78j(b) and [17] C.F.R. § 240.10b-5.  See Compl. ¶¶ 33-38.  Accordingly, because this civil action is founded on claims or rights arising under the Constitution, treaties, or laws of the United States, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's other claims form part of the same case and controversy under Article III of the United States Constitution, and this Court therefore has supplemental jurisdiction over those other claims pursuant to 28 U.S.C. § 1367.  Accordingly, Defendants may properly remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441.

7. In addition, this Court also has original jurisdiction based on diversity.  28 U.S.C. § 1332.

8. Plaintiff resides in the State of Minnesota and is thus a citizen of the State.  See Compl. ¶ 1.

9. Defendant LSW is a stock life insurance company incorporated in Texas and has its principal place of business in Dallas, Texas.  LSW is thus a citizen of the State of Texas.  28 U.S.C. § 1332(c).

10. Defendant James Cunningham is a resident of the State of Utah and is thus a citizen of that State.

3

11.     Accordingly, this action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

12.     Furthermore, the matter in controversy exceeds the sum or value of $75,000.

13.     Plaintiff prays for compensatory damages of $71,000 plus "costs and reasonable attorneys [*sic*] fees pursuant to the above statutes." Compl. at 10. Where, as here, a complaint is ambiguous as to the precise amount of damages requested, it is proper for the district court to make an independent appraisal of the value of a plaintiff's claims. See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (affirming district court's denial of motion to remand where claims and attorney's fees would exceed jurisdictional limit). The amount-in-controversy requirement is met if, among other things, "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00." Manguno, 276 F.3d at 723. Plaintiff's claims in this case exceed that amount.

14.     First, Plaintiff seeks $71,000 in compensatory damages.

15.     In addition, Plaintiff seeks attorney's fees under the statutes mentioned in the Complaint. Compl. ¶ 41 & at 10. Attorney's fees are potentially available pursuant to statutes governing Plaintiff's claims as pleaded. For example, attorney's fees are provided in Minn. Stat. §§ 325D.44-.45, subd. 2 (Count III); Minn. Stat. §§ 325F.69 and 8.31, subd. 3a (Count IV); Minn. Stat. §§ 325F.67 and 8.31, subd. 3a (Count V); Minn. Stat. § 80A.76 (Count VII); and pursuant to Minn. Stat. 8.31, subd. 3a (Count VIII).

16.     Where, as here, attorney's fees are requested and available pursuant to statute, those fees are properly included in the amount in controversy.  See, e.g., Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933); Peacock & Peacock, Inc. v. Stuyvesant Ins. Co., 332 F.2d 499, 502 (8th Cir. 1964); Manguno, 276 F.3d at 723.  For example, in Peacock, Plaintiff sought judgment, exclusive of interests and costs, for $8,709.10 (which Plaintiff later amended to $8,539.22) plus a 12 percent penalty and "a reasonable attorneys' fee."  332 F.2d at 502.  At the time, the minimum amount in controversy necessary for federal jurisdiction was $10,000.  Id.  The amount prayed for plus the 12 percent penalty was less than the jurisdictional threshold amount.  Id.  Neither the complaint nor the removal petition contained specific allegations as to what a reasonable attorney's fee would be, but Plaintiff did generally request fees based on statute.  Id.  The Eighth Circuit held that the requested attorney's fees were to be included in determining the jurisdictional amount.  Id.  It then went on to hold that federal jurisdiction was established stating, "we are satisfied that the general assertion in the petition for removal as to aggregate amount is sufficient . . . ."  Id.  Similarly, jurisdiction is present in the case at bar.

17.     Attorney's fees awards have been substantial in other cases involving the same general types of claims.  For example, in First State Bank of Floodwood v. Jubie, 86 F.3d 755, 761 (8th Cir. 1996), the Court awarded $45,000 in statutory attorney's fees for claims including breach of fiduciary duties, consumer fraud, and securities violations.  Here, a potential award of only $4,001 places the amount in controversy in excess of $75,000.  Such an amount would not be an unreasonable expenditure and award if

Plaintiff prevailed on his claims and proved an entitlement to attorney's fees. See Affidavit of Stephen P. Lucke ¶ 5, filed herewith and incorporated by reference. Because Plaintiff alleges $71,000 in damages plus attorney's fees, it is facially evident that this Complaint alleges an amount in controversy that exceeds $75,000. See Peacock, 332 F.2d at 502. As a result, the matter in controversy requirement for federal diversity jurisdiction is satisfied. 28 U.S.C. § 1332.

18. Accordingly, because this action is between citizens of different states and because the matter in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Thus, Defendants may properly remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441.

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after receipt of a copy of the initial pleading.

20. Pursuant to 28 U.S.C. § 1441(a), the state court action is pending within the judicial district and division of this Court.

21. All Defendants consent to Removal.

22. No previous Notice of Removal has been filed in or made to this Court.

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice is being provided to all adverse parties. Written notice of the filing of this Notice of Removal will be given to Plaintiff through his counsel.

24. Also pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice, along with a true and correct copy of this Notice of Removal, is being filed with

the Court Administrator of the District Court of the State of Minnesota, Fourth Judicial District, Hennepin County.

26. The filing of this Notice of Removal to this Court and the filing of the same with the state court serves immediately to confer upon this Court exclusive jurisdiction over Plaintiff's claims and simultaneously to divest that state court of jurisdiction with respect to Plaintiff's claims.

26. In filing this Notice of Removal, Defendants do not concede that Plaintiff has standing or has stated claims upon which relief may be granted. In addition, Defendants do not waive any of their rights, denials, defenses, or objections, including but not limited to defects in process or service of process, jurisdiction, or venue.

**WHEREFORE,** Defendants give notice that the above action now pending against them in the District Court of the State of Minnesota, Fourth Judicial District, Hennepin County, is removed therefrom to the United States District Court for the District of Minnesota.

Dated:  December 2, 2009          DORSEY & WHITNEY LLP

By *s/Eric R. Sherman*
   Stephen P. Lucke  #0154210
   Eric R. Sherman # 0331430
   P. Joshua Hill # 0336774
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant Life Insurance Company of the Southwest*

Dated: December 1, 2009

By *s/James Cunningham*
James Cunningham
P.O. Box 910969
St. George, UT 84791
Telephone: (480) 443-0455

*Defendant*